UNITED STATES of America, Plaintiff,

v.

Dennis GREENMAN and Jayne
Greenman, Defendants.

No. 87-2210–CIV–EPS.

United States District Court,
S.D. Florida,
Miami Division.

Nov. 13, 1989.

Laurence R. Metsch, Miami, Fla., for plaintiff.

Dexter W. Lehtinen, U.S. Atty., Miami, Fla., Mark Stier, U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

### ORDER GRANTING MOTION FOR SUMMARY JUDGEMENT

THIS CAUSE comes before the Court upon the Plaintiff's Motion for Summary Judgement. This is a suit by the UNITED STATES to reduce Defendant's liability for unpaid taxes for the 1980 tax year to a judgement. The UNITED STATES claims the GREENMANS owe $538,694.18 for 1980 and that no triable issue of fact remains to be litigated. Defendants contend that the United States Court of Appeals for the Second Circuit's decision in *Securities and Exchange Commission v. Levine*, 881 F.2d 1165 (1989) supports their assertion that the funds paid over to the receiver for a constructive trust for the investors defrauded by defendant's illegal activities satisfy the UNITED STATE's tax claims against them.

Defendants' reliance upon *Levine* is misplaced. That decision overturned a lower court's vacation of the parties' consent judgement which gave priority to the UNITED STATES to satisfy its tax claims against the defendants. The lower court reasoned that the funds in question did not belong to the Defendants because they were the fruits of fraudulent and illegal trading practices. The transactions were void, and therefore the funds belonged to the defrauded investors and could not be used to satisfy Defendants' tax liabilities. The Second Circuit reversed, holding that the funds had never been conclusively established to be fruits of illegal activity, either by judgement of the court or the parties' own admission. Furthermore, under New York law, the transactions in question were merely voidable and not void. Under New York law title to property that is the subject of a voidable transaction does not automatically pass to the defrauded investors.

██ Nothing in the *Levine* decision stands for the proposition that the Government is estopped from asserting its own claims for unpaid taxes once funds are given over to a receiver. The law of this Circuit is contrary to such a finding. Although the Bankruptcy Code gives priority to claims of the United States for unpaid taxes of an insolvent debtor, and it is stipulated that the Greenmans were insolvent at

all times during these proceedings, the United States cannot be forced to assert its priority over any particular property, or forever lose its claim. The Eleventh Circuit case of *United States v. Raulerson* 786 F.2d 1090 (1986) reasoned that

> Because the government, not the taxpayer nor the judiciary, decides which property is to be sold to satisfy a tax assessment, it would be anomalous to determine that the government has consented to a suit to compel the IRS to foreclose on specific property.

 The case at bar is also readily distinguishable from *Levine* on a number of grounds. Most importantly, in contrast to *Levine*, the tax assessment against the Defendants here arose subsequent to a judicial finding that the funds in question were subject to a constructive trust. The funds were therefore not the property of the Defendants when the tax assessment arose. In *Levine* there was no such judicial finding prior to the tax assessment. This is one of the two bases for the Second Circuit's ruling.

The other ground cited in the *Levine* opinion is also a point on which that case can be distinguished from the case at bar. The transactions here had already been voided when the tax assessments arose. The subject monies thereby reverted to the defrauded investors. Accordingly, it is hereby,

ORDERED AND ADJUDGED that the Motion is GRANTED. The Government is ORDERED to submit a proposed Final Judgement within 10 days of this Order.

DONE AND ORDERED.